ELIPHALET F. PACKARD *versus* THE CITY OF LEWISTON.

The word "place," as used in the proviso in § 41, c. 106, of the Act of Congress of June 3, 1864, refers to the location of the bank and not to the State authority under which the tax is to be assessed.

Such part only of a statute, as is repugnant to an Act of Congress, will be adjudged void.

Section 2, c. 126, of the Public Laws of 1867, is consistent with § 41, c. 106, of the Act of Congress of June 3, 1864, and must govern in this State, so far as place is concerned, in the assessment of taxes on shares in National banks.

Sections 3, 4 and 5, being inconsistent therewith, are void.

ON FACTS AGREED.

ASSUMPSIT FOR MONEY HAD AND RECEIVED.

The writ was dated April 8, 1867.   Plea, general issue and joinder.

It was admitted that the plaintiff was, on April 1, 1867,

and that he still is, a resident of the town of Auburn; that, on that day, he was and still is the owner of seventy shares of the stock of the "First National Bank of Lewiston, situated in the city of Lewiston; that he was not the owner of any other property in said city; that no property of the plaintiff other than said bank stock was entered upon the assessors' book of valuation of property taxable in said city; that said bank shares were assessed in said city as of the value of $4900, and a tax was legally assessed thereon of $127,40, provided said shares were legally taxable in said city."

It was also admitted that said tax was paid by the plaintiff to the defendants under protest.

Judgment was to be rendered according to the legal rights of the parties.

*S. & J. W. May*, for the plaintiff.

DANFORTH, J. — By the decisions of the U. S. Supreme Court, it has been settled that shares in national banks may be taxed by State authority. *Allen* v. *The Assessors*, 3 Wallace, 573; *People* v. *The Commissioners*, 4 Wallace, 244. The only other question involved in this case is whether the plaintiff's shares, in a national bank located in Lewiston, are taxable by Lewiston, he residing in Auburn. For if they are so, it is admitted that the tax was legally assessed and by the agreement of the parties the plaintiff is to become nonsuit.

By the Act of 1867, c. 126, § 2, it is provided that all the shares of national banks shall be assessed to the owners thereof, in the place where the bank is located, to be collected as other taxes, except as thereinafter provided. In the subsequent sections follow the provisions by which such taxes are to be collected for the benefit of the several towns in which the stockholders respectively reside. If these latter provisions are in force, the plaintiff must recover, because the tax would belong to Auburn and was wrongfully collected by Lewiston. If, on the other hand, these

provisions are inconsistent with the law of the United States and consequently void, then, by the provision of section two, the tax was properly collected by Lewiston and the plaintiff must fail. For, although all these provisions are contained in one chapter and are parts of one statute, yet they are so disconnected in meaning and so independent of each other, that the latter part may be declared void without affecting the former. In such a case, the part which is valid must stand, though the other fall. *Commonwealth* v. *Hitchings*, 5 Gray, 485, and cases there cited. If the law of Congress requires that the tax assessed upon the shares of national banks shall be assessed in the place where the bank is located, then sections 3 and 4 of the Act of 1867 are inconsistent therewith, leaving § 2 in force without the qualifying clause at the close, "except as hereinafter provided." That this was the intention of the Legislature is clear from the provisions of the eighth section. In answer to certain interrogations propounded by the House of Representatives, a majority of the Court have heretofore given an opinion upon this subject in which they came to the conclusion that §§ 3 and 4 were inconsistent with the law of Congress. That was not a decision in any case pending, and is not therefore binding upon the parties to this suit. It was not filed in the office of the Secretary of State before the thirtieth day of March, 1867, and for that reason had no effect upon the statute. We are therefore at liberty to examine the subject anew and correct whatever errors we may have formerly fallen into.

We have made this examination with much care, and with an earnest effort to guard against any bias which may have resulted from our former opinion. We have given a due degree of attention to the discussion which the subject has excited, and duly considered the arguments adduced. We have not, however, forgotten that this is not a question of policy as to what the law should be, but one of the construction of a law already made, by which we are bound. Nor are we unmindful of the fact that the Legislature, un-

derstanding that the United States statute required the assessment of national bank shares in the place where the bank is located, attempted to avoid any inconsistency by providing for the assessment in that place and for the collection of the tax in the place where the stockholder resides. Now it is evident that such an avoidance of the law is a violation of its spirit. All the authorities, so far as they have come to our knowledge, agree that the meaning of the Act of Congress is, that the product of the assessment is for the benefit of, and belongs to the place where made. Hence, if the national law requires the assessment of bank shares in the place where the bank is located, the statute of 1867 is just as much a violation of that law, as though it provided in express terms for assessing the tax in the place of the stockholder's residence. It is clearly an attempt to do indirectly what cannot be done directly. But were this admissible, it will appear from an examination of the law that such is not its effect. True, in § 2, provision is made for the assessment in the place where the bank is located, by including the shares in the valuation of that place. But, in § 5, it is provided that the shares of non-residents shall not be included in the valuation for the purpose of ascertaining the rate at which the taxes shall be assessed. The Act of Congress provides that the shares shall be "included in the valuation of the personal property of the owner in the assessment of taxes imposed," &c., or what is the same thing, gives no authority for taxation in any other way.

How an assessment of a given tax can be made upon different pieces of property without including them all in one valuation to ascertain the rate, is not easy to perceive. It certainly cannot be done consistently with the ordinary mode of assessing taxes, and, if so, then the statute must be inconsistent with the law of Congress in this respect, whatever construction may be given it in regard to the place of assessment.

But what is the proper construction of the Act of Congress as to the place where the tax is to be assessed? Does

the word place in the proviso in the 41st section of the National Bank Law of June 3, 1864, refer to the location of the bank or to the authority under which the tax is to be assessed? The former construction has been adopted by the Courts of New York and New Hampshire, the latter by the courts of Massachusetts and Pennsylvania. We have carefully examined he very able opinions in *Austin* v. *The City of Boston*, published in the Daily Advertiser of July 25th, 1867, and *Markoe* v. *Hartranft*, 15 Law Register, (June 1867,) 487, without being able to concur in the construction there adopted. It is evident that the natural and obvious meaning of the language is that adopted in our former opinion. The Legislature so understood it, otherwise they would not have undertaken to do indirectly what might much better have been done directly. It is quite evident that Congress so understood it, as we learn from the debates at the time it was adopted, and from the fact that subsequently the matter was brought to their attention, and a proposition for a change in the reading submitted, which they refused to adopt, knowing the construction which had been put upon the proviso. So far as we know, no other construction was adopted or suggested until after this refusal of Congress to change the language used. Besides it would be a new, and in this case a very unnecessary, use of the word place, to apply it to the authority to tax, but a very common one to designate the town or city where the tax is to be assessed. If Congress had intended to have designated the authority simply, it would have been much better done by omitting the word "place" and transposing the words "authority" and State, so that it would read, taxes imposed under the authority of the State where such bank is located. If Congress had intended to have designated the authority by which the tax is to be assessed, we cannot understand why they should have been at so much pains to render their meaning obscure. On the other hand, if they had intended to designate the place where the tax is to be assessed, then they seem to have used proper language to express that in-

tention. After an examination of all the suggestions to which our attention has been directed in the examination of this subject, we can come to no other conclusion than that there would have been but one opinion, but for the different policy which prevails in different States in regard to the taxation of personal property, located in a particular place for the purposes of business. We see, therefore, no reason for changing our former opinion, and must come to the conclusion that § 2 of c. 126 of the laws of 1867, unqualified by the subsequent sections, must govern, so far as place is concerned, in the assessment of taxes upon the shares in national banks, and consequently the plaintiff's shares were properly taxed in Lewiston.

It is true that the second section of the Act of 1867 does not adopt the limitation contained in both the provisos of the Act of Congress; but our laws for the assessment of taxes require that the rate upon all property assessed shall be the same. R. S., c. 6, § 28. Therefore, the shares of national banks cannot be legally taxed "at a rate greater than is assessed upon other moneyed capital in the hands of individual citizens of such States," nor can it legally "exceed the rates imposed upon the shares in any of the banks organized under the authority of the State." So that our laws for the assessment of taxes, taken together, in effect,. if not in terms, adopts the limitations imposed by the Act of Congress. *Plaintiff nonsuit.*

APPLETON, C. J., CUTTING, KENT and BARROWS, JJ., concurred.

WALTON, DICKERSON and TAPLEY, JJ., non-concurred.